# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROSALINA S. LUCERO,**

    **Plaintiff,**

v.                                                                                                No. CIV 97-0342 JC/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.    Plaintiff (Lucero) invokes this Court's jurisdiction under **42 U.S.C. §405(g)**, seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner determined Lucero is not eligible for supplemental security income. Lucero moves this Court for an order reversing or remanding this matter to the Commissioner for a rehearing. This Court reviews the Commissioner's decision to determine whether his findings are supported by substantial evidence and whether he applied correct legal standards in making his decision. *Washington v. Shalala,* **37 F.3d 1347, 1349 (10th Cir. 1994)**.

**Administrative History**

2.	Lucero's application for supplemental security income was denied at the administrative level both initially and on reconsideration. Lucero requested and received *de novo* review before an administrative law judge (ALJ). The ALJ held a hearing on August 16, 1995, at which Lucero and her attorney appeared. On March 8, 1996, the ALJ found that Lucero was not disabled within the meaning of the Social Security Act. On February 6, 1997, the Appeals Council denied Lucero's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.

**Statement of Facts**

3.	Lucero filed her application for supplemental security income on September 21, 1994, alleging disability since August 2, 1990, due to problems with her left foot and back pain.  Tr. 12; 63. She was 52 years old on the date of the ALJ's decision, had a ninth grade education, and had worked as a receptionist, waitress, and migrant education worker. Tr. 12; 85.

**The Decision of the Commissioner**

4.	The ALJ determined that Lucero had not engaged in substantial gainful activity since her onset date. Tr. 13. At step two, the ALJ found Lucero suffered from the severe impairments of back pain, diabetes mellitus, and flat feet. Tr. 14. At step three, the ALJ determined Lucero's impairments, singly or in combination did not meet or equal the listings. *Id.* The ALJ determined Lucero exaggerated her pain symptoms. Tr. 25. The ALJ determined Lucero had the residual functional capacity to perform the full range of sedentary work. Tr. 27. At step four, the ALJ found Lucero was able to perform her past relevant work as a receptionist. Tr. 25. Therefore, the ALJ concluded Lucero was not disabled within the meaning of the Social Security Act. Tr. 27.

**Discussion**

5.  The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence and whether she applied correct legal standards. ***Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992)**. The district court should not blindly affirm the Commissioner's decision, but must instead scrutinize the entire record to determine if the decision is supported by substantial evidence and if the law was correctly applied. ***Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D. Colo. 1982)**.

6.  Substantial evidence is more than a mere scintilla. ***Richardson v. Perales,* 402 U.S. 389, 401 (1971)**. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993)**. Failure to apply correct legal standards also constitutes grounds for reversal. *Id.*

7.  The Social Security Administration has promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. **20 C.F.R. §§ 404.1520 and 416.920 (1994)**. At the first three levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under **20 C.F.R. Part 404, Subpt. P, App. 1 (1994)**.

8.  If the plaintiff cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past. **20 C.F.R. §§ 404.1520 and 416.920 (1994)**. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner

to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.* If a determination of disability is made at any step, further inquiry is not required. *Id.*

9. Lucero argues the ALJ erred at step two by finding her mental impairment was not severe; erred when he improperly discredited her complaints of disabling pain; and erred when he found she was able to return to her past relevant work as a receptionist.

10. Lucero argues the ALJ erred at step two by finding her mental impairment was not severe. To meet her burden at step two, Lucero must show that she suffers from an "impairment or combination of impairments which significantly limits [her] physical or **mental** ability to do basic work activities," **20 C.F.R. §§ 404.1520(c), 416.920(c);** *see also Bowen v. Yuckert*, **482 U.S. 137, 146 & n. 5 (1987)**. Basic work activities are "the abilities and aptitudes necessary to do most jobs." **20 C.F.R. §§ 404.1521(b), 416.921(b)**. Examples of basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;" "seeing, hearing, and speaking;" "understanding, carrying out, and remembering simple instructions;" "use of judgment;" "responding appropriately to supervision, co-workers and usual work situations;" and "dealing with changes in a routine work setting." **See id. §§ 404.1521(b), 416.921(b)**.

11. Although step two requires only a *de minimis* proof of impairment, the plaintiff "must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, **No. 97-6099, 1997 WL 787158, at \*2 (10th Cir. Dec. 24, 1997)**. Presumptively, if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity. *Williams v. Bowen*, **844 F.2d**

**748, 751 (10th Cir.1988).** At step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on her ability to work. *Hinkle*, **1997 WL 787158, at \*2**.

12. The ALJ incorporated detailed findings and conclusions regarding Lucero's mental condition in his decision and concluded she did not have a severe mental impairment at step two. Tr. 14-20. Plaintiff argues these findings are not supported by substantial evidence.

13. The record contains the following medical evidence regarding Lucero's mental condition. Dr. Kennedy, Lucero's treating physician, prescribed Prozac. Tr. 100; 146. Dr. Balcazar performed a consultative examination and found Lucero was showing symptoms of depression and anxiety which probably helped intensify her physical symptoms. Tr. 131. Dr. Balcazar also diagnosed dysthymic disorder secondary to physical symptoms and pain as well as a possible atypical personality disorder. *Id.* Dr. Balcazar also stated:

> I think this woman could have adequate judgment to plan a work sequence. From a psychiatric standpoint she could use tools and materials for simple jobs as well as she could perform one or two step repetitive tasks at a competitive rate. I would not foresee difficulty in her interaction with coworkers and supervisory personnel. She has physical symptoms which are intensified by her anxiety and depression and this certainly would interfere with her functioning.

Tr. 131-132.

14. Even though the standard at step two is *de minimis*, the record must contain medical findings consistent with the claimed impairments. *Williams*, **844 F.2d at 750**. In this case, the medical record contains no evidence of treatment by any mental health practitioner and no concrete evidence of work or activity restrictions. The evidence tending to indicate a psychological condition is equivocal at best. Equivocal evidence does not establish plaintiff's burden. *Nguyen v. Shalala*, **43**

**F.3d 1400, 1403-02 (10th Cir. 1994).** The ALJ has the authority to resolve conflicts in the evidence. *Casias v. Secretary of Health and Human Services*, **933 F.2d 799, 801 (10th Cir. 1991).** The mere fact Lucero suffered from a mental problem does not automatically establish this problem was disabling. *Bernal v. Bowen*, **851 F.2d 297, 301 (10th Cir. 1988).** A review of the record and the decision of the ALJ establishes the ALJ properly considered all the evidence regarding Lucero's mental condition and substantial evidence of record supports his findings at step two.

      15.      In addition, Lucero's reliance on *Olmsted v. Shalala*, **No. CIV 93-0558 JP/WWD (D. N.M. February. 17, 1994)** is misplaced. In *Olmsted*, the claimant was hospitalized twice for mental problems, psychological reports indicated a mental problem which would interfere with his ability to work, and the consultative report did not address most of the items covered in the medical assessment form. *Olmsted*, **at 13-14.** In Lucero's case, however, the record contains no evidence of treatment by any mental health practitioner, no concrete evidence of work or activity restrictions and Dr. Balcazar's consultative report covers all relevant areas as set out by **20 C.F.R. § 416.920a (1994).** In addition, the ALJ completed a psychiatric review technique form and throughly analyzed all relevant factor in his decision. Tr. 28-30. Thus, Lucero's case is clearly distinguished from *Olmsted*.

      16.      Lucero next contends the ALJ improperly discredited her complaints of disabling pain. In evaluating a claim of disabling pain in the Tenth Circuit, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, **43 F.3d 1392, 1395**

**(10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987))**. In this case, the ALJ did not expressly follow the *Luna* analysis. Instead he followed cases from the Fifth Circuit. Tr. 22-24 On remand, the ALJ should expressly follow Tenth Circuit authorities on this, and all other, issues.

17.     Lucero also argues the ALJ erred when he found she was able to return to her past relevant work as a receptionist. The Tenth Circuit holds step four has three phases. ***Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)**. At the first phase, the ALJ must evaluate the claimant's residual functional capacity. *Id.* In the second phase, the ALJ must determine the physical and mental demands of the claimant's past relevant work. *Id.* At phase three, the ALJ must decide whether the claimant has the ability to meet the job demands of phase two despite the limitations of phase one. *Id.* At each phase, the ALJ must make specific findings in the record. ***Winfrey*, 92 F.3d at 1023 (citing *Henrie v. Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993)).**

18.     In this case, the ALJ evaluated Lucero's residual functional capacity and found she had the residual functional capacity for the full range of sedentary work. Sedentary work involves lifting no more than ten pounds at a time, no more than two hours of walking and standing per day and six hours of sitting per day. **20 C.F.R. § 404.1567 (a) (1994).** In making his residual functional capacity determination, the ALJ cited solely to the consultative report of Dr. Deming. Tr. 25. Dr. Deming found Lucero could lift up to 20 pounds, being limited by pain in her back, walk and stand for four hours per day, at 30 minute intervals without interruption, and sit for six hours per day, at 40 minute intervals without interruption. Tr. 124-125. These findings, standing alone, are not consistent with the ability to perform the full range of sedentary work. On remand, the ALJ should fully discuss all the medical evidence to determine Lucero's residual functional capacity.

19.     In addition, the ALJ did not make his own specific findings in the record on the

demands of Lucero's past relevant work. *Winfrey*, **92 F.2d at 1026.** Consequently, the ALJ did not decide whether the claimant has the ability to meet the job demands of phase two despite the limitations of phase one. *Id.* On remand, the ALJ should make specific findings on the record regarding phases two and three of the step four analysis.

## RECOMMENDED DISPOSITION

The motion to reverse or remand administrative agency decision should be granted. This case should be remanded to the Commissioner for the ALJ to expressly follow *Luna v. Bowen*, **834 F.2d 161, 163 (10th Cir. 1987)** in evaluating Lucero's allegations of disabling pain; to fully discuss all the medical evidence in determining Lucero's residual functional capacity; and to make specific findings in the record regarding phases two and three of the step four analysis as required by *Winfrey v. Chater*, **92 F.3d 1017, 1023 (10th Cir. 1996)**.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**